IN THE

# United States Court of Appeals

## FOR THE SIXTH CIRCUIT

———— ◆ ————

ENDLESS RIVER TECHNOLOGIES LLC,

*Plaintiff-Appellant and Cross-Appellee,*

— v. —

TRANSUNION LLC,

*Defendant-Appellee and Cross-Appellant.*

————————————

*On Appeal from the United States District Court for the Northern District of Ohio, Hon. Donald C. Nugent, District Judge, Civil Action No. 1:18-cv-00936-DCN*

## PETITION FOR PANEL REHEARING BY APPELLANT AND CROSS-APPELLEE ENDLESS RIVER TECHNOLOGIES LLC

Stephen J. Rosenfeld
MCDONALD HOPKINS LLC
300 North LaSalle, Suite 1400
Chicago IL 60654
(312) 280-0111
srosenfeld@mcdonaldhopkins.com

Derek L. Shaffer
QUINN EMANUEL URQUHART &
  SULLIVAN, LLP
1300 I Street NW, 9th Floor
Washington, D.C. 20005
(202) 538-8000
derekshaffer@quinnemanuel.com

*Attorneys for Plaintiff-Appellant and Cross-Appellee Endless
River Technologies, LLC*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................... iii

INTRODUCTION .............................................................................. 1

BACKGROUND ................................................................................ 4

    A.    The Dispute And The Pre-Trial Proceedings ......................... 4

    B.    The Trial And The Judgment Below ........................................ 5

    C.    The Appeal And The Panel Opinion ....................................... 6

ARGUMENT ..................................................................................... 8

I.    The Panel Overlooked That The Seventh Amendment Entitles Endless River To A New Trial On Damages Upon Its Expert's Exclusion ................ 8

II.    The Panel Erred In Ruling That Dr. Malec's Testimony Was The Only Damages Evidence Below ........................................ 12

CONCLUSION .................................................................................. 16

CERTIFICATE OF COMPLIANCE ................................................. 18

CERTIFICATE OF SERVICE .......................................................... 19

# TABLE OF AUTHORITIES

**Page**

## Cases

*Bd. of Trs. of Leland Stanford Junior Univ. v. Roche Molecular Sys.*,
  583 F.3d 832 (Fed. Cir. 2009) ..............................................................10

*Curet-Velázquez v. ACEMLA de Puerto Rico, Inc.*,
  656 F.3d 47 (1st Cir. 2011).................................................................15

*DIJO, Inc. v. Hilton Hotels Corp.*,
  351 F.3d 679 (5th Cir. 2003) ..............................................................10

*Exxon Chem. Pats., Inc. v. Lubrizol Corp.*,
  137 F.3d 1475 (Fed. Cir. 1998) .......................................................3, 15

*Fuesting v. Zimmer, Inc.*,
  448 F.3d 936 (7th Cir. 2006) ..............................................................16

*JGR, Inc. v. Thomasville Furniture Indust., Inc.*,
  370 F.3d 519 (6th Cir. 2004) .............................................2, 9, 12, 13

*Kennon v. Gilmer*,
  131 U.S. 22 (1889)................................................................................8

*Lulaj v. Wackenhut Corp.*,
  512 F.3d 760 (6th Cir. 2008) .........................................................3, 8, 9

*Neely v. Martin K. Eby Const. Co.*,
  386 U.S. 317 (1967)........................................................................3, 15

*Nelson v. Tennessee Gas Pipeline Co.*,
  243 F.3d 244 (6th Cir. 2001) ..............................................................11

*Sardis v. Overhead Door Corp.*,
  10 F.4th 268 (4th Cir. 2021) ...............................................................11

*Smith v. Jenkins*,
  732 F.3d 51 (1st Cir. 2013)..............................................................9, 10

*Tamraz v. Lincoln Elec. Co.*,
  620 F.3d 665 (6th Cir. 2010) ..............................................................11

*Taxinet Corp. v. Leon*,
    114 F.4th 1212 (11th Cir. 2024) ........................................................15

*Wallace v. FedEx Corp.*,
    764 F.3d 571 (6th Cir. 2014) ............................................................8

*Weisgram v. Marley Co.*,
    528 U.S. 440 (2000) ...........................................................13, 14, 15

*Wheeler v. City of Lansing*,
    660 F.3d 931 (6th Cir. 2011) ...........................................................11

## Constitutional Provisions

U.S. Const., amend. VII ...................................................2, 8, 9, 10, 16

## Rules

Fed. R. App. P. 40(b)(1) ...................................................................8

Fed. R. Civ. P. 50(b) .................................................................1, 2, 15

# INTRODUCTION

Endless River respectfully seeks panel rehearing on one narrow issue that the panel's opinion ("Op.") touches only briefly and ostensibly misapprehends: namely, the proper decree that follows from the panel's substantive treatment of expert damages testimony that, according to the opinion, should have been excluded at the threshold.

Following a jury trial, the district court entered judgment in favor of Endless River on its breach of contract claim in the amount of $18.3 million. Judgment, R.275, PageID#14332-33. The district court then granted TransUnion's Rule 50(b) motion in part, ruling that the damages awarded constituted consequential damages that were necessarily foreclosed as a matter of law, and amending the judgment to enter judgment in favor of Endless River on the same claim "in the amount of zero dollars." Mem.Op., R.288, PageID#14635. This Court did not reach whether the district court's ruling was error, which had been the primary issue on appeal. Op.8. Instead, it held that the district court abused its discretion in denying TransUnion's motion to exclude testimony by Dr. Andrew Malec, Endless River's damages expert. Op.16. "[B]ecause the exclusion of Dr. Malec's testimony leaves Endless River with no evidence to prove damages, its breach-of-contract claim necessarily fails," and so the Court "AFFIRM[ED] the district court's vacatur of the jury's award" on alternative grounds. Op.16-17.

Endless River respectfully submits that the panel's holding that Dr. Malec's opinions should have been excluded does not in fact provide valid grounds to affirm the district court's Rule 50(b) order. The proper disposition when a court holds that witness's *damages* testimony was improperly admitted is not, as the panel held, a holding that the entire claim for breach of contract necessarily fails, but rather "vacature of the jury's damage award and remand for a new trial solely on the issue of damages." *E.g.*, *JGR, Inc. v. Thomasville Furniture Indust., Inc.*, 370 F.3d 519, 526 (6th Cir. 2004). *JGR* applied this rule even when the inadmissible damages testimony was the only testimony offered at trial on damages. *See id.* This is an even easier case than *JGR* because, contrary to the panel's misperception, Dr. Malec's testimony was not Endless River's *only* damages evidence. Endless River also presented unchallenged, lay opinion testimony from its principals on the issue of damages. Indeed, the entire five-day trial was about damages, and Dr. Malec did not even testify until day four.

In substance, the panel wound up countermanding the jury's award and reversing its judgment on the theory that the amount of damages awarded was excessive relative the admissible evidence. Yet the Seventh Amendment does not permit such a result. "[R]educ[ing] an award of damages rendered by a jury" violates the Seventh Amendment when, as here, the court does not hold that "a legal rule" precludes the award of damages or find that "there can be no genuine issue as to the

correct calculation of damages." *Lulaj v. Wackenhut Corp.*, 512 F.3d 760, 766 (6th Cir. 2008). Instead, the correct result would be to remand with instructions for the district court to afford Endless River, as the "prevailing plaintiff," "the option of either a new trial or a reduced award in a process known as remittitur." *Id.*

A remand is especially appropriate here because TransUnion effectively acknowledged that its argument for exclusion of Dr. Malec's testimony, which accompanied only the *cross*-appeal, contemplated a result *different from* affirmance, and also affirmatively conceded that Endless River *would* have a viable damages theory upon such a remand. Per TransUnion's submissions to this Court, Endless River would be "free to … seek the replacement value of the code," which "Endless River's own contemporaneous documents establish" was equal to "$1.75-$1.85 million at the time of termination." 2nd.Br.39. And "an appellate court may not order judgment n.o.v .... where the record reveals a new trial issue which has not been resolved." *Exxon Chem. Pats., Inc. v. Lubrizol Corp.*, 137 F.3d 1475, 1480 (Fed. Cir. 1998) (ellipsis in original) (quoting *Neely v. Martin K. Eby Const. Co.*, 386 U.S. 317, 325 (1967)).

For all these reasons, panel rehearing should be granted, the judgment below should be vacated, and this Court should remand for a new trial on damages.

## BACKGROUND

### A.    The Dispute And The Pre-Trial Proceedings

"This case arises from a contract dispute over the development and ownership of the 'Quote Exchange,' an online marketplace where insurance companies buy and sell insurance leads."  Op.1.  Endless River, the owner and developer of the Quote Exchange, and TransUnion signed a contract under which "TransUnion would fund the development of the Quote Exchange platform while Endless River would act as a product design and technical consultant for an annual fee."  Op.2-3.  The rollout process for the Quote Exchange was slower than expected because of TransUnion's poor performance and delays.  Tr.Vol.3, R.266, PageID#13763.  In October 2017, TransUnion formally notified Endless River that it was exercising its termination rights, and its termination became effective in April 2018.  Op.3-4.  Under the parties' contract, TransUnion's termination required TransUnion to return the Quote Exchange's source code to Endless River, but TransUnion refused to do so.  R.170, Page ID#9765.  Endless River sued TransUnion shortly thereafter.  Op.4.

In February 2022, the district court ruled, at summary judgment, that "TransUnion had breached their Agreement for purposes of the lawsuit.  The case proceeded to trial to determine the appropriate damages amount."  Op.5.

Four months later, "TransUnion moved to exclude Endless River's damages expert, Dr. Andrew Malec."  *Id.*  "In Dr. Malec's expert report, he opined that

Endless River's damages totaled approximately $59.4 million based on what the value of the Quote Exchange platform would have been … if TransUnion had not breached and Endless River had been able to monetize the platform." *Id.*

Two weeks before trial, the district court held a *Daubert* hearing and denied from the bench TransUnion's motion to exclude Dr. Malec, ruling that Dr. Malec's methodology was admissible, reliable, and "appropriate" to calculate the lost value of the Quote Exchange. Daubert Hr'g. Tr., R.214, Page ID#11607; *see* Op.6.

**B.    The Trial And The Judgment Below**

During the first three days of the five-day jury trial, Endless River presented fact testimony from its principals, who attested to how TransUnion's actions had harmed them. In particular, they testified that the Quote Exchange's source code "was worth millions of dollars" when the contract was terminated, which is why TransUnion "didn't give [the code] to" Endless River. Tr.Vol.2, R.264, PageID#13270. They substantiated this claim by explaining that two companies, LeadCloud and ITC, sought to partner with Endless River upon the contract's termination but withdrew due to TransUnion's interference. Tr.Vol.3, R.266, PageID#13784-86; *id.* at PageID#13795-99; *see* 3rd.Br.6-7. TransUnion did not object to this testimony. Only on the fourth of five trial days, all of which were devoted to damages, did Dr. Malec testify. *See* Tr.Vol.4, R.267, PageID#13951. During closing, Endless River emphasized its principals' qualitative testimony about

damages before invoking Dr. Malec's testimony. Tr.Vol.5, R.268, PageID#14239-40; *see id.* at PageID#14248 (mentioning Dr. Malec for the first time 20 pages into the transcript of the closing argument).

The jury returned a verdict determining that "Endless River had proven it suffered damages proximately caused by TransUnion's failure to timely return the Quote Exchange source code in the amount of $18.3 million." Op.7. The district court entered judgment in favor of Endless River on its breach of contract claim in the amount of $18.3 million. Judgment, R.275, PageID#1432-33.

"Following the verdict, TransUnion moved for judgment as a matter of law …." Op.7. The district court granted that motion "in part," ruling that the damages the jury awarded qualified as consequential damages, which the contract categorically prohibited Endless River from recovering, and therefore amending the judgment to enter judgment in favor of Endless River on the same claim "in the amount of zero dollars." Mem. Op., R.288, PageID#14635.

## C. The Appeal And The Panel Opinion

On appeal, "Endless River ask[ed] this [C]ourt to reinstate the jury's $18.3 million award, asserting that the district court erred when it categorized its proven damages as 'consequential' rather than 'direct.'" Op.8. TransUnion defended the district court's ruling, offered five alternative grounds for affirmance, and also raised several other arguments in a cross-appeal. *See* 2nd.Br.1-3. As relevant here, one of

its cross-appeal arguments was that the district court "erred in failing to exclude Malec for offering an irrelevant and foreclosed measure of contract damages" under *Daubert*. 2nd.Br.54 (capitalization altered).

In its opinion, the panel did not opine on whether the district court erred in ruling that Endless River sought impermissible consequential damages. Rather, it limited its "analysis to TransUnion's challenge to the district court's denial of its motion to exclude expert testimony," which TransUnion had raised on cross-appeal. Op.8. The panel agreed with TransUnion that Dr. Malec's testimony should have been excluded, and the district court abused its discretion in ruling otherwise, because (1) he calculated "damages for [Endless River's] breach-of-contract claim" as of the date of trial, not "the date of [TransUnion's] [] breach"; and (2) "Dr. Malec based his calculations on fundamentally flawed information." Op.10, 15.

The panel then held that "this finding [that Dr. Malec's testimony should have been excluded] in turn bars Endless River from recovering the jury's award as a matter of law." Op.8-9. This was so, the panel explained, because "damages are an essential element of a breach-of-contract claim and Dr. Malec's testimony was the only damages evidence Endless River presented in support of its claim." Op.8. It was "on this basis" that the panel "AFFIRM[ED] the district court's vacatur of the jury's award." Op.17.

## ARGUMENT

Panel rehearing is proper when "the court has overlooked or misapprehended" a "point of law or fact." Fed. R. App. P. 40(b)(1). Rehearing is well warranted under this test. As explained herein, this Court should grant rehearing, vacate the judgment below, and remand for a new trial on damages.

## I. The Panel Overlooked That The Seventh Amendment Entitles Endless River To A New Trial On Damages Upon Its Expert's Exclusion

The Seventh Amendment provides, in relevant part: "no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law." U.S. Const., amend. VII. "This has long been held to preclude a court from substituting 'its own estimate of the amount of damages which the plaintiff ought to have recovered, to enter an absolute judgment for any other sum than that assessed by the jury.'" *Lulaj*, 512 F.3d at 766 (quoting *Kennon v. Gilmer*, 131 U.S. 22, 29 (1889)). "There are two sources of authority whereby a judge may reduce an award of damages rendered by a jury without violating the Seventh Amendment. First, a judge may offer a prevailing plaintiff the option of either a new trial or a reduced award in a process known as remittitur. Second, a court may render judgment as a matter of law as to some portion of a jury award if it is compelled by a legal rule or if there can be no genuine issue as to the correct calculation of damages." *Id.* (internal citation omitted); *see, e.g.*, *Wallace v. FedEx Corp.*, 764 F.3d 571, 591 (6th Cir. 2014) (same).

The panel opinion appears inadvertently to violate this bedrock constitutional rule. The district court amended the judgment to award Endless River "zero dollars" under the second exception to the Seventh Amendment right: It ruled that the measure of damages Endless River sought were all necessarily "consequential damages" that the contract barred as a matter of law. Mem.Op., R.288, PageID#14635. The panel opinion did not affirm that ruling or otherwise hold that some "legal rule" or undisputed facts established that Endless River could not possibly be entitled to a penny of the damages sought, *Lulaj*, 512 F.3d at 766. Instead, it held that the district court erred at the threshold by admitting Dr. Malec's testimony. Op.8. In this posture, this Court could not affirm the judgment below, which modified the $18.3 million damages award to $0, unless it remanded with instructions to "offer [the] prevailing plaintiff," Endless River, "the option of either a new trial or a reduced award in a process known as remittitur," *Lulaj*, 512 F.3d at 766.

When it is established on appeal that a prevailing plaintiff's testimony on damages should have been excluded at trial, this Court (like every other circuit, to Endless River's knowledge) will vacate and remand for a new trial on damages alone. *See, e.g.*, *JGR*, 370 F.3d at 526 ("[W]e hold that the improper admission of Gornik's lay opinion testimony requires vacature of the jury's damage award and remand for a new trial solely on the issue of damages."); *Smith v. Jenkins*, 732 F.3d

51, 69 (1st Cir. 2013) ("[W]e cannot say with any degree of assurance that the award was not substantially swayed by the erroneous admission of Dr. Smith's testimony. Accordingly, we remand for a new trial on damages."); *DIJO, Inc. v. Hilton Hotels Corp.*, 351 F.3d 679, 687 (5th Cir. 2003) ("[T]he improvident admission of Skinner's opinion testimony [on damages] requires vacature of the quantum of the jury's damage award and remand for a new trial solely on the issue of damages."). Panel rehearing should correct this error and award Endless River the same relief that all prevailing plaintiffs are entitled to under the Seventh Amendment when their damages award is found to rest on defective evidence: vacatur and remand for a new trial for damages.

Indeed, it seems to have been a shared assumption of both parties on appeal that, were this Court to hold that Dr. Malec's testimony was improperly admitted, the proper decree would not be affirmance. Even as TransUnion pressed *five alternative* grounds for *affirmance*, it notably confined its argument that Dr. Malec's testimony should have been excluded to its cross-appeal. *See* 2nd.Br.2-3, 54-60. TransUnion thereby recognized that, were this Court to credit this aspect of the cross-appeal, the proper result would be "modification of the judgment rather than an affirmance," *Bd. of Trs. of Leland Stanford Junior Univ. v. Roche Molecular Sys.*, 583 F.3d 832, 839 (Fed. Cir. 2009) (citation omitted), *aff'd*, 563 U.S. 776 (2011). "There is," after all, "generally no appellate jurisdiction when the appellant does not

seek a change in the relief ordered by the judgment appealed from." *Wheeler v. City of Lansing*, 660 F.3d 931, 939 (6th Cir. 2011). Indeed, had TransUnion argued that the Court could affirm on the alternative ground that erroneous admission of Dr. Malec's opinion afforded an alternative ground for affirming the judgment rendered below, the cross-appeal on this point would have fallen outside of this Court's appellate jurisdiction. As matters stand, it is dubious that the panel has jurisdiction to affirm based on arguments raised in a cross-appeal.

To be sure, TransUnion stated in passing and in its final brief (4th.Br. 15) that, if Dr. Malec's testimony were excluded, it would be entitled to summary judgment or judgment as a matter of law. But it provided no explanation for why Dr. Malec's exclusion would yield entry of a judgment in its favor. To the contrary, TransUnion relied on legal authority holding that, when "the district court exceeded its discretion in allowing [expert] testimony, [the Court would] reverse and remand for a new trial." *Tamraz v. Lincoln Elec. Co.*, 620 F.3d 665, 667 (6th Cir. 2010) (*cited* 2nd.Br.25). TransUnion also cited (4th.Br. 3) a case that declined to order a new trial when the prevailing party's *liability* expert was excluded. *See Sardis v. Overhead Door Corp.*, 10 F.4th 268, 299-300 (4th Cir. 2021); *see also Nelson v. Tennessee Gas Pipeline Co.*, 243 F.3d 244, 250-54 (6th Cir. 2001) (*cited* Op.9) (same, and affirming *Daubert* order). Here, by contrast, Endless River prevailed on liability below, only to have its damages reduced to zero based on insufficiency-of-

evidence grounds.  In the present circumstance, all cited authority indicates that Endless River is entitled to a new trial that can properly decide the amount of its damages based on the admissible evidence.

## II.  The Panel Erred In Ruling That Dr. Malec's Testimony Was The Only Damages Evidence Below

This Court justified its affirmance of the judgment below by stating that "Dr. Malec's testimony was the only damages evidence Endless River presented in support of its claim." Op.8.  This was error, for two reasons.

*First*, the panel's premise is incorrect:  Unlike *JGR*, Endless River *did* have evidence of damages independent of Dr. Malec's testimony.  Whereas the entire five-day trial was about damages, Dr. Malec did not testify until day four.  The first three days were filled with Endless River's principals' testimony that the source code "was worth millions of dollars" when the contract was terminated, which is why TransUnion "didn't give [the code] to" Endless River.  Tr.Vol.2, R.264, PageID#13270.  They substantiated this claim by explaining that two companies, LeadCloud and ITC, sought to partner with Endless River upon the contract's termination but withdrew due to TransUnion's interference.  Tr.Vol.3, R.266, PageID#13784-85; *id.* at PageID#13795-99; *see* 3rd.Br.6-7.  TransUnion did not object to their testimony.  In its closing argument, Endless River emphasized this qualitative testimony about the value of the source code when the contract was

terminated, Tr.Vol.5, R.268, PageID#14239-40, and did not mention Dr. Malec until 20 pages into the 38-page transcript, *see id.* at PageID#14248.

This unchallenged lay opinion testimony provided a basis for the jury to find that Endless River suffered, at a bare minimum, nominal, if not compensatory, damages. That presumably is why the district court entered judgment in Endless River's favor, while reducing damages to zero. Mem.Op., R.288, PageID#14635. It is therefore error for this Court to hold, without meaningful explanation, that Endless River could not even prevail on its contract claim as though it failed to present *any* evidence that a reasonable jury could credit as establishing an essential element.

*Second*, even if the panel were correct that Endless River presented no other evidence of damages, that still would still not automatically justify affirmance of the judgment below. In *JGR* too, "the only witness called by either party to testify as to the issue of damages" was the very witness that this Court held must be excluded, yet it still remanded for a new trial. 370 F.3d at 526. To be sure, *Weisgram v. Marley Co.*, 528 U.S. 440 (2000) (*cited* Op.9), held that, in "cases in which, on excision of testimony erroneously admitted, there remains insufficient evidence to support the jury's verdict," the "courts of appeals" have discretion to:

> (1) order a new trial at the verdict winner's request or on its own motion,

(2) remand the case for the trial court to decide whether a new trial or entry of judgment for the defendant is warranted, or

(3) direct the entry of judgment as a matter of law for the defendant.

*Id.* at 451-52, 457 (indentation added). As *Weisgram* took care to stress, however, the courts of appeals must "be constantly alert" in protecting "the rights of the party whose jury verdict has been set aside on appeal and who may have valid grounds for a new trial, some or all of which should be passed upon by the district court, rather than the court of appeals, because of the trial judge's first-hand knowledge of witnesses, testimony, and issues—because of his 'feel' for the overall case." *Id.* at 451 (citation omitted). "[F]airness to the parties is surely key to the exercise of that discretion." *Id.* at 454. Part of those fairness considerations is whether the "inadmissible record evidence" was "essential to the verdict winner's case." *Id.*

The panel does not appear to have taken account of these considerations. This is unsurprising: *Weisgram* emphasized the "awkward[ness] for" a prevailing party "who is wholeheartedly urging the correctness of the verdict, to point out, in the alternative, grounds for a new trial." *Id.* at 455 n.11. For this very reason, the instant considerations may be best raised in "[a] petition for rehearing in the court of appeals." *Id.*

Fairness here strongly favors "a new trial at the verdict winner's request" or, at minimum, a "remand … for the trial court to decide whether a new trial or entry of judgment for the defendant is warranted." *Id.* at 454. TransUnion has conceded

that Dr. Malec's testimony is not "essential to [Endless River's] case," a dispositive point under *Weisgram*. *Id.*; *see id.* at 452 n.9 (Rule 50(b) relief should not be ordered upon "run-of-the-mine, ordinarily nondispositive, evidentiary rulings"). Specifically, TransUnion conceded on appeal that Endless River was "free to make the claim that TransUnion's delay in returning the source code amounted to a 'denial of agreed compensation,' and to seek the replacement value of the code in doing so," which "Endless River's own contemporaneous documents establish" was equal to "$1.75-$1.85 million at the time of termination." 2nd.Br.39. "By the time" this Court held that Dr. Malec's "testimony" was "inadmissible," "it was too late for [Endless River] to remedy the situation by" presenting this theory. *Taxinet Corp. v. Leon*, 114 F.4th 1212, 1230 (11th Cir. 2024) (ordering new trial on remand, even though the prevailing party did not request a new trial in the district court).

In the event of a remand, Endless River could argue the theory of damages suggested by TransUnion, could rely exclusively on its principals' lay opinion testimony on damages, or could ask the district court to exercise its "broad discretion" to "reopen [expert] discovery" to allow Endless River to cure the errors the panel opinion identified, *Curet-Velázquez v. ACEMLA de Puerto Rico, Inc.*, 656 F.3d 47, 54 (1st Cir. 2011). In all events, "an appellate court may not order judgment n.o.v .... where the record reveals a new trial issue which has not been resolved." *Exxon Chem. Pats.*, 137 F.3d at 1480 (quoting *Neely*, 386 U.S. at 325). In this case,

there are multiple issues for new trial that this Court has yet to address and that the district court would be better positioned to address on remand. *See, e.g.*, *Fuesting v. Zimmer, Inc.*, 448 F.3d 936, 941-42 (7th Cir. 2006) ("Our prior decision, finding prejudicial error in the admission of Dr. Pugh's testimony, went too far in awarding judgment for Zimmer. There was other evidence in the record supporting Fuesting's claims even after Dr. Pugh's testimony was excluded …. The appropriate remedy was to remand for a new trial ….").

## CONCLUSION

The panel's decree of affirmance received no meaningful treatment in the opinion yet is incompatible with the opinion's core premises, black-letter law, and proper procedure. Indeed, the panel's disposition appears to violate Endless River's Seventh Amendment rights, thereby posing real, prejudicial error, denying Endless River any remedy for its contractual breach, and ousting the jury and district court from their proper roles. In these circumstances and for these reasons, Endless River respectfully submits that the panel should grant rehearing for the limited purpose of changing its disposition so as instead to vacate the judgment below and remand for a new trial on damages.

Dated: December 30, 2024                  Respectfully submitted,

                                          */s/ Derek L. Shaffer*

Stephen J. Rosenfeld                      Derek L. Shaffer
MCDONALD HOPKINS LLC                      QUINN EMANUEL URQUHART
300 North LaSalle, Suite 1400                & SULLIVAN, LLP
Chicago IL 60654                          1300 I Street NW, 9th Floor
(312) 280-0111                            Washington, D.C. 20005
srosenfeld@mcdonaldhopkins.com            (202) 538-8000
                                          derekshaffer@quinnemanuel.com

*Attorneys for Plaintiff-Appellant and Cross-Appellee*
*Endless River Technologies LLC*

**CERTIFICATE OF COMPLIANCE**

This brief complies with the type-volume limitation of Fed. R. App. P. 40(d)(3) because it contains 3,812 words (based on the Microsoft Word word-count function) excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) because it has been prepared in a proportionately spaced typeface using Microsoft Word in Times New Roman, 14-point type, and with the type-style requirements of Fed. R. App. P. 32(a)(6).

*/s/ Derek L. Shaffer*
Derek L. Shaffer
*Attorney for Plaintiff-Appellant*
*and Cross-Appellee*

**CERTIFICATE OF SERVICE**

I, Derek L. Shaffer, a member of the Bar of this Court, hereby certify that on December 30, 2024, I electronically filed the foregoing "Petition for Panel Rehearing by Appellant and Cross-Appellee Endless River Technologies, LLC" with the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit by using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*/s/ Derek L. Shaffer*
Derek L. Shaffer
*Attorney for Plaintiff-Appellant*
*and Cross-Appellee*